# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THE HORSLEY COMPANY, LLC,**

      **Plaintiff,**

v.                          Case No. 12-C-655

**MILWAUKEE COUNTY,**

      **Defendant.**

# DECISION AND ORDER

Two motions are pending in this action. However, in reviewing the Complaint, the Court has noticed a threshold issue of subject matter jurisdiction that must first be resolved. The Court is obligated to raise *sua sponte* whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")).

Jurisdiction over this action is predicated on diversity jurisdiction. Under section 1332(a)(1) of Title 28 of the United States Code, federal district courts have original jurisdiction to hear all civil actions between citizens of different States when the amount in

controversy exceeds $75,000, exclusive of interest or costs. "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). The burden of persuasion for establishing diversity jurisdiction is on the party asserting it. *Hertz Corp. v. Friend*, ____ U.S. ____, 130 S.Ct. 1181, 1194 (2010); *see Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

Horsley has treated itself, a limited liability company, as if it were a corporation. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("A corporation is a citizen of the states of its incorporation and principal place of business.") However, for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members, not on its principal place of business or the jurisdiction under whose laws it is organized. *See Muscarello*, 610 F.3d at 424; *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007); *Belleville Catering Co. v. Champaign Mkt. Place, LLC,* 350 F.3d 691, 692 (7th Cir. 2003). Members of an LLC may include "partnerships, corporations, and other entities that have multiple citizenships." *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 347 (7th Cir. 2006). "A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Id.* at 348. "If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." *White Pearl Inversiones S.A. v. Cemusa, Inc.,* 647 F.3d 684, 686 (7th Cir. 2011).

2

Because the Complaint does not properly plead Horsley's citizenship, it is unclear whether the Court has diversity jurisdiction over this action. However, the Court of Appeals for this Circuit has indicated that the Court's discretion to dismiss for lack of subject matter jurisdiction should be used sparingly when the plaintiff could have pleaded the existence of jurisdiction and when such jurisdiction, in fact, exists. *See Muscarello*, 610 F.3d at 425. Consequently, Horsley will be afforded the opportunity to amend its Complaint to cure the defects in its jurisdictional allegations. Failure to file an amended Complaint consistent with this Order by the stated deadline, will result in the dismissal of this action for lack of jurisdiction.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

**On or before January 31, 2013**, Horsley **MUST FILE** an amended Complaint that properly alleges its citizenship; and,

Such amended Complaint **MUST COMPLY** with Civil Local Rule 15(a) (E.D. Wis.)

Dated at Milwaukee, Wisconsin this 23rd day of January, 2013.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**

3