UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FIVE STAR AIRPORT ALLIANCE, INC.,**
**successor of**
**THE HORSLEY COMPANY,**

                  **Plaintiff,**

v.                                    Case No. 12-C-655

**MILWAUKEE COUNTY,**

                  **Defendant.**

---

## DECISION AND ORDER

---

This Decision and Order addresses several issues in this action. The Plaintiff, Five Star Airport Alliance, Inc. ("Five Star"), the successor of The Horsley Company LLC ("Horsley"), filed an Amended Complaint. (ECF No. 40.) Such filing was made in response to the Court's January 23, 2013, Decision and Order directing the Plaintiff to file an Amended Complaint to address the issue of its citizenship—the members of the limited liability corporation. (ECF No. 39).

The Amended Complaint discloses that as of December 31, 2012, Horsley merged with its sole member, G&T Conveyor, "a Florida corporation," which then changed its name to Five Star. Despite this additional information, diversity of citizenship is assessed at the time the action is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428

(1991); *Aurora Loan Servs. v. Craddieth,* 442 F.3d 1018, 1025 (7th Cir. 2006); Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, 13 E *Federal Practice and Procedure*, § 3608 (West 3d ed. 2009 & 2012 Supp). One fact is missing from the Amended Complaint—G&T Conveyor's principal place of business as of the date the action was filed. *See Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009) ("A corporation is a citizen of the states of its incorporation and principal place of business.") To date, Five Star has not met its burden of establishing the existence of diversity jurisdiction over this action. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 1194 (2010); *see Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

Again, the Court exercises restraint with respect to dismissal for lack of subject matter jurisdiction, *see Muscarello*, 610 F.3d at 425, and allows Five Star to further amend its Complaint to cure the defects in its jurisdictional allegations. Failure to file a Second Amended Complaint consistent with this Order by the stated deadline, will result in the dismissal of this action for lack of jurisdiction.

The County also filed a motion for leave to file its motion to dismiss. (ECF No. 42.) Although no Federal Rule of Civil Procedure is cited, the Court construes the motion as being pursuant to Fed. R. Civ. P. 6(b)(1)(B), which allows the Court to retroactively grant a motion to extend the time for when an act may or must be done by "if the party failed to act because of excusable neglect." *See also Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005). A court determines whether a party has failed to act because of

2

"excusable neglect" by considering the relevant circumstances surrounding the party's omission. *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 362 (7th Cir. 1997). In determining whether "excusable neglect" exists, the Court is to consider a number of facts, including "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

There is minimal danger of prejudice to Five Star, the delay was six days, there will be no practical impact on these proceedings, and the delay was due to the County's belief that a ruling on its pending motion to dismiss was imminent. While the wisdom of missing a filing deadline premised on an expectation of a court decision is questionable, the County's motion suffices to establish excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B). Therefore, the County's motion to extend time to file its motion to dismiss the First Amended Complaint is granted.

The County already filed its motion to dismiss the First Amended Complaint. (ECF No. 43.) Instead, the County should have filed its motion to dismiss the First Amended Complaint as an attachment to its motion to extend. *See* Civil Local Rule 7(i) (E.D. Wis.) Additionally, although the County's motion to dismiss the First Amended Complaint states that a supporting memorandum was filed, none was. (See ECF No. 43.) Regardless, briefing of that motion will be stayed, until Five Star files a Second Amended Complaint.

3

Given that the original Complaint and original motion to dismiss have been superceded, the Court will direct the Clerk of Court to administratively terminate the original motion to dismiss. (ECF No. 19.) Such termination is solely for administrative purposes and is not a ruling on its merits.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

**On or before March 4, 2013**, Five Star **MUST FILE** a Second Amended Complaint that properly alleges G&T Conveyor's citizenship;

Such amended Complaint **MUST COMPLY** with Civil Local Rule 15(a) (E.D. Wis.);

The County's motion for leave to file its motion to the First Amended Complaint dismiss (ECF No. 42) is **GRANTED**;

Briefing on the County's motion to dismiss the First Amended Complaint (ECF No. 43) is **STAYED** until Five Star files a Second Amended Complaint; and

The Clerk of Court is **DIRECTED** to **TERMINATE** the County's original motion to dismiss (ECF No. 19).

Dated at Milwaukee, Wisconsin this 21st day of February, 2013.

           **BY THE COURT**

           _/s/ Rudolph T. Randa_
           **Hon. Rudolph T. Randa**
           **U.S. District Judge**