# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FIVE STAR AIRPORT ALLIANCE, INC.,**
**successor of**
**THE HORSLEY COMPANY, LLC,**

        **Plaintiff,**

v.                                               Case No. 12-C-655

**MILWAUKEE COUNTY,**

        **Defendant.**

## DECISION AND ORDER

This diversity action for injunctive and/or mandamus relief and declaratory judgment arises out of the bid that Horsley Company, LLC ("Horsley") made to construct an outbound baggage system for General Mitchell International Airport, located within Milwaukee County Wisconsin. Five Star Airport Alliance, Inc. ("Five Star"), Horsley's successor-in-interest by merger, is the current plaintiff.

Presently pending are the Defendant Milwaukee County's (the "County") motion to dismiss the Second Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Five Star's motion, pursuant to Fed. R. Civ. P. 60(b)(2), (b)(3), and (b)(6), for relief from the order denying its motion for a preliminary

injunction. (ECF Nos. 46 & 35.) For the following reasons the Court grants the County's motion to dismiss, and dismisses this action and Five Star's motion for relief from order.

## MOTION TO DISMISS

The following standards apply to consideration of the County's motion to dismiss. Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a suit based on the plaintiff's failure to state a claim upon which relief can be granted. In order for a plaintiff to survive a Rule 12(b)(6) motion to dismiss, a plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (quoting *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009)). The purpose of a motion to dismiss, however, is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). When analyzing its sufficiency, the Court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). Under Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *See also, Cole v. Milwaukee Area Technical Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (citing *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). Thus, the eleven exhibits attached to the Complaint are a part of the document, and may be considered in resolving a motion to dismiss under Rule 12(b)(6).

The movant bears the burden of proving that the complaint fails to state a claim for relief. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir.1990). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint will be dismissed if it fails to include sufficient facts "to state a claim for relief that is plausible on its face." *Cole,* 634 F.3d at 903 (citations omitted).

**Relevant Facts**

The core facts of Five Star's claim are as follows. The County owns and operates General Mitchell International Airport. The County solicited public bids for the outbound leg of a new baggage handling system. On February 22, 2012, Horsley, a qualified bidder, submitted a bid for "Baggage Screening Improvements – Phase C, Checked Baggage Inspection System ("CBIS") (Project A044-09002-03), (the "Project") to the County. Diversified Conveyors, Inc. ("Diversified"), another company involved in conveyor systems, also bid on the Project, but was not a qualified bidder.

On February 23, 2012, Timothy M. Kipp ("Kipp"), the County's Managing Engineer-Design for the Project, formally notified Horsley that it was the Project's low bidder. On March 22, 2012, Freida Webb, the County Director of Community Business Development Partners, formally notified Horsley that all questions about whether Horsley had met or

3

exceeded the requirements for the County's goal of good faith effort to involve "DBE"[1] participation on the Project had been resolved in its favor.

On March 28, 2012, Kipp, on behalf of the County, sent Horsley a letter and the contract for the Project, and requested that Horsley sign and return the contract "for review and execution by [the] County." The final sentence of the letter states that "[n]o actual agreement exists until you are in receipt of an agreement executed by [the] County." (Complaint, Ex. 4, 2.) (ECF No. 14.) The County never provided executed copies of the proposed contract to Horsley.

Sometime after April 18, 2012, County officials told Horsley that the County had not signed the contract due to a bid protest by Diversified. On May 10, 2012, Kipp, on behalf of the County, sent Horsley an email stating that all bids were being rejected and that the County was "planning on rebidding the project in the near future." (Compl. Ex. 6.) (ECF No. 45-6.) The email quotes a portion of the Project specifications stating "[the] County reserves the right to reject any or all proposals. . . advertise for new proposals; or proceed with the work otherwise. All such actions shall promote the County's best interests." (*Id*.)

On May 11, 2012, Horsley delivered a formal bid protest to the County. After being informed that its bid protest was insufficient, Horsley filed a supplemental bid protest with the County on May 17, 2012. The County never responded to Horsley's bid protest.

---

[1] The parties' submissions do not disclose what is represented by the acronym "DBE."

4

On about June 21, 2012, the County sent Horsley a "Request for Qualifications" concerning a new bid for work on a "combination" outbound/inbound baggage system. The County subsequently put the outbound and inbound luggage systems out for bid as two separate contracts, stating:

> • The inbound baggage system work will be managed separately from the outbound CBIS;
>
> • The general construction contractor and construction manager will be separate from the outbound CBIS; and
>
> • The inbound system scope of work will have a different DBE participation goal, have separate construction documents and be invoiced separately from the outbound CBIS.

On September 26, 2012, the County awarded a public contract bid — for the outbound luggage system only — to a competitor of Horsley. The accepted bid did not include any contract for work on the inbound system.

**Analysis**

The County contends that Five Star has not stated a claim because the Complaint is premised on the existence of an enforceable agreement between the parties and there is no legal basis for Five Star's asserted interest in the proposed agreement, and that Five Star has not provided essential factual support for its allegation that the County acted arbitrarily and capriciously. Five Star maintains that it has plead a legally cognizable claim, that the County had no discretion after receipt of the qualified low-bid, and that arbitrarily refusing to sign the contract the County submitted to Horsley does not nullify the low-bid requirement.

5

This case is before the Court on diversity jurisdiction pursuant to 28 U.S.C. § 1332 and, consequently, the Court must apply state substantive law and federal procedural law. *See Kamphuis Pipeline Co. v. Lake George Reg'l Sewer Dist.*, 273 F.3d 732, 735 (7th Cir. 2001). Both sides cite Wisconsin substantive law and, in the absence of any dispute, this Court applies Wisconsin law. *Grundstad v. Ritt,* 166 F.3d 867, 870 (7th Cir. 1999).

In applying Wisconsin law, the Court would generally apply the law of the Wisconsin Supreme Court. *Home Valu, Inc. v. Pep Boys,* 213 F.3d 960, 963 (7th Cir. 2000). If the state's highest court has not spoken on an issue, the decision of an intermediate state court controls "unless [the federal court] is convinced by other persuasive data that the highest court of the state would decide otherwise." *City of Chi. v. StubHub!, Inc.,* 624 F.3d 363, 365 (7th Cir. 2010) (quoting *West v. AT & T,* 311 U.S. 223, 237 (1940)). Moreover, if the Court is "faced with two opposing and equally plausible interpretations of state law, '[it] generally [should] choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability.'" *Home Valu*, 213 F.3d at 963 (alterations added) (citations omitted).

*L.G. Arnold, Inc. v. City of Hudson,* 215 Wis. 5, 9, 254 N.W. 108, 110 (Wis. 1934), held that the city's acceptance of plaintiff's bid to build pavement and a curb for a causeway constituted a contract, although it was understood that a formal contract was to be executed. *Id.* (citing *Garfielde v. United States*, 93 U. S. 242 (1876); *Harvey v. United States*, 105 U. S. (15 Otto) 671 (1881); *United States v. Purcell Envelope Co.*, 249 U. S. 313 (1919)).

6

*L.G. Arnold* held that the bidder's request for additional compensation because the city's modification of the source of the sand and gravel for the work resulted in increased cost for the bidder was not part of the contract. *Id*. at 109-10. Referring to the applicable statute, the court held that, in taking no action with respect to approving the contents of the bidder's letter, the city incurred no liability. *Id*. at 110. Subsequently, the Wisconsin Supreme Court held that a city cannot be compelled to award a contract to the lowest bidder. *Aqua-Tech, Inc. v. Como Lake Prot. & Rehab. Dist.,* 71 Wis. 2d 541, 549-50, 239 N.W. 2d 25, 29-30 (Wis. 1976).

While the County also relies upon Milwaukee County Ordinance Section 44.08[2] as allowing it to withdraw the bid entirely, Five Star contends that Wisconsin state law requires that all public works contracts be awarded to the lowest responsible bidder. (Pl.'s Mem. Opp'n Mot. Dismiss, 4 (citing Wis. Stats. §§ 59.52(6)(d)1, 29(a), 66.0910(1)(a), (1m)(a) 1,2).) (ECF No. 49.) Five Star further contends that the County is a creation of the state, a

---

[2] Section 44.08 of the Milwaukee County Ordinances provides:

Bids received after the time set for closing and bids of contractors not qualified by the appropriate director of transportation (or designee) or the director of administrative services (or designee) shall be returned unopened to bidders. Bids which fail to conform to signature, affidavit and bond requirements, shall be rejected by the director and returned to the bidder. If a bidder awarded a contract fails to return the signed contract and executed performance bond within ten (10) days from receipt thereof or within such additional time for which there exists an excusable delay approved by the director, the bid bond and/or deposit shall be forfeited as liquidated damages. Upon such forfeiture, the contract may be awarded by the director to the next lowest, responsible, responsive bidder or readvertised and/or relet to public bid or cancelled if the next lowest responsive, responsible bidder is not within the project budget. The director is authorized to reject all bids, or cancel the entire bid, after consultation with corporation counsel has determined that such action is in the best interest of the county. The rejected bidder may appeal the decision in accordance with chapter 110 of the Code. **The county, through its appropriate director of transportation (or designee) or the director of administrative services (or designee), reserves the right to accept or reject all bids, or cancel the entire bid, in its best interest.**

(Emphasis added.)

7

political subdivision for purposes of public works contracts, and is subject to all the statutory requirements contained therein. *Id*. (citing Wis. Stats. §§ 59.01, 59.03, 66.901(1)(bm).) Therefore, Five Star maintains that the County has failed to comply with Wisconsin statutes, which is an unauthorized and *ultra vires* act entitling Five Star to the relief requested in the Complaint.

Section 59.52(29)(a) of the Wisconsin Statutes describes the process by which contracts for public work are to be created and states, in relevant part:

> All public work, including any contract for the construction, repair, remodeling or improvement of any public work, building, or furnishing of supplies or material of any kind where the estimated cost of such work will exceed $25,000 will be let by contract to the lowest responsible bidder. . . . A contract, the estimated cost of which exceeds $25,000, shall be let and entered into under s. 66.0901, except that the board may by a three-fourths vote of all the members entitled to a seat provide that any class of public work or any part thereof may be done directly by the county without submitting the same for bids.

Section 59.52(29)(a), referred to as a public bidding statute, has been construed by Wisconsin courts on several occasions.[3] In *Aqua-Tech, Inc.*, 239 N.W. 2d at 30, the Wisconsin Supreme Court explained that "[s]tatutory bidding requirements are designed to prevent fraud, collusion, favoritism and improvidence in the administration of public business, as well as to insure that the public receives the best work or supplies at the most reasonable

---

[3] Both parties have cited decisions from other jurisdictions addressing other public bidding statutes, which the Court reviewed. However, this Court's role in applying Wisconsin law is to interpret the law as would the Wisconsin courts. The parties have not provided sufficient basis for this Court to conclude that Wisconsin's highest court or its appellate courts would follow those decisions.

8

price practicable." The court also stated that "bid statutes are intended primarily for the benefit and protection of the public, and the individual bidder has no fixed, absolute right to the contract." *Id*. at 31. Indeed, a public bidding authority cannot be compelled to award the contract to the lowest bidder. *N. Twin Builders, LLC v. Town of Phelps*, 334 Wis. 2d 148, 154, 800 N.W. 2d 1, 4 (Wis. Ct. App. 2011). *See also, State ex. rel Peoples Land & Mfg. Co. v. Holt,* 132 Wis. 131, 111 N.W. 1106, 1107 (Wis. 1907).

A reviewing court will only interfere with the bidding authority's discretionary act if it is arbitrary or unreasonable. *PRN Assocs. LLC v. State of Wis. Dep't of Admin.*, 313 Wis. 2d 263, 268, 756 N.W.2d 580, 582 (Wis. Ct. App. 2008). *D.M.K. v. Town of Pittsfield*, 290 Wis. 2d 474, 482, 711 N.W.2d 672, 676 (Wis. Ct. App. 2006), holds that public entities have discretion in awarding the contract to the lowest bidder. In *D.M.K.,* the court of appeals upheld the town's determination that the low bidder was not a responsible bidder. *Id*. at 483. Despite construing the facts of the Complaint and the reasonable inferences from those facts in the light most favorable to Five Star, the Complaint does not contain plausible claim indicating that the County's withdrawal of the bid was arbitrary or unreasonable.

As this Court noted in its preliminary injunction decision, Horsley knew of the bid protest by Diversified. However, the County had no obligation to disclose its internal deliberations to Horsley. The County rebid the baggage system project differently by seeking bids for both outbound and inbound luggage systems. The County also obtained a lower bid on the outbound component than that originally made by Horsley, and contracted for that

9

work. The primary purpose of the bidding system is to protect the public. *Aqua-Tech, Inc.,* 239 N.W. 2d at 31. The decision to rebid the contract resulted in ultimate savings to the County. Five Star must plead some facts that suggest a right to relief that is beyond the "speculative level." *Atkins,* 631 F.3d at 832. Five Star has failed to do so. Therefore, the County's motion to dismiss is granted. In light of the foregoing, the Court also dismisses Five Star's motion for reconsideration.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The County's motion to dismiss (ECF No. 46) is **GRANTED**;

This action is **DISMISSED**;

Five Star's motion for relief from order denying preliminary injunction (ECF No. 35 ) is **DISMISSED**; and

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of May, 2013.

**BY THE COURT**

_____
Hon. Rudolph T. Randa
U.S. District Judge

10

Case 2:12-cv-00655-RTR   Filed 05/08/13   Page 10 of 10   Document 51